■ SERVICE FINANCE CORP., Appellant, v BERNARD WERBER et al., Respondents.—Order, Supreme Court, New York

County (Martin Stecher, J.), entered on February 27, 1990, which, after nonjury trial, dismissed the complaint seeking to set aside and declare void, pursuant to Debtor and Creditor Law § 276, the conveyance by defendant Bernard Werber to his wife, defendant Deborah Werber, of his interest in certain real property situated in Nassau and Sullivan Counties, unanimously affirmed, with costs.

Plaintiff, a factor, seeks to set aside the June 21, 1983 transfer by defendant Bernard Werber of his interest in two houses to his wife, defendant Deborah Werber, as having been made to hinder, delay, or defraud the Internal Revenue Service, to whom defendant Bernard Werber was indebted at the time the transfers were made, and in order to enforce a money judgment obtained by the plaintiff against defendant Bernard Werber on March 28, 1986, upon a personal guarantee in the sum of $170,901.92.

. The trial court did not err in determining that the plaintiff had failed to prove by clear and convincing evidence that the parcels of real property in question were transferred by defendant Bernard Werber "with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud either present or future creditors" as required by Debtor and Creditor Law § 276. The record reveals that at the time of the transfers now sought to be set aside, the plaintiff did not consider the property in question to be part of the defendant's net worth to which the plaintiff might look in the event of a default, and that the plaintiff was aware of the defendant's indebtedness to the Internal Revenue Service. *(Marine Midland Bank v Murkoff,* 120 AD2d 122, 126, *appeal dismissed* 69 NY2d 875.) Concur—Milonas, J. P., Ellerin, Ross, Kassal and Rubin, JJ.